**Timothy A. Solomon**, OSB 072573
    Direct:  971.634.0194
    Email:  tsolomon@LLG-LLC.com
**LEONARD LAW GROUP LLC**
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
Fax:  971.634.0250

    Counsel for Parley Pearce

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br>**Blair Woodfield,**<br>    Debtor, | Case No. 18-32028-tmb11 |
| **Parley Pearce,**<br>    Plaintiff,<br>v.<br>**Blair Woodfield,**<br>    Defendant. | Adv. No. 18-*[see below]*<br><br>**COMPLAINT**<br><br>**(Declaratory Judgment re Rights and Interests Under Operating Agreement; Rejection of Agreements Under 11 U.S.C. § 365)** |

Plaintiff Parley Pearce ("**Plaintiff**") hereby alleges as follows:

### Summary of Relief Sought

Plaintiff seeks (1) a declaratory judgment regarding Blair Woodfield's (the "**Debtor**" or "**Defendant**") rights and interests under certain prepetition limited liability company operating agreements, and (2) a judgment that such operating agreements, if executory, are rejected pursuant to 11 U.S.C. § 365, as further described below.

Page 1 of 5 –    COMPLAINT

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 18-03120-tmb    Doc 1    Filed 11/23/18

## Jurisdiction

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. § 1409.

2. This adversary proceeding is filed in the chapter 11 bankruptcy case of the Debtor pending in the United States Bankruptcy Court for the District of Oregon, Portland Division (the "**Case**").

3. The matter in controversy arises under 28 U.S.C. § 2201 and Fed. R. Bankr. P. 7001 and 11 U.S.C. § 365. It is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2), including the matters described in (A) and (O).

4. Plaintiff consents to the Court's entry of a final order and judgment to resolve this dispute.

## The Parties

5. Plaintiff is an individual residing in Walla Walla County, Washington.

6. Defendant is an individual residing in Clackamas County, OR.

## Background

7. Plaintiff and Defendant are former business partners.

8. Plaintiff and Defendant each own 50% of the membership interests in the following Oregon limited liability companies (collectively, the "**LLCs**"):

   a. Triple R Holdings, LLC;
   b. PB & R, LLC; and
   c. PB & SH, LLC.

9. Each of the LLCs is governed by a Limited Liability Company Agreement (each an "**Operating Agreement**").

10. Each Operating Agreement contains the same material terms and provisions.

Page 2 of 5 –    COMPLAINT

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 18-03120-tmb    Doc 1    Filed 11/23/18

11. Among other things, each Operating Agreement provides the following:

    a. Plaintiff and Defendant are members;

    b. Plaintiff and Defendant are individually named and designated as "Managing Members";

    c. The business and affairs of each LLC are managed by the Managing Members;

    d. Each member has enumerated powers and authority to take certain enumerated actions on behalf of the LLC, but is barred from taking other enumerated actions in the absence of unanimous agreement;

    e. The members are "required to devote such of their time to the business matters concerning the Company as is necessary in the circumstances";

    f. Each member's ability to sell, assign, or transfer its interest, whether or not for consideration, is limited;

    g. In the absence of consent of the non-transferring member, any transfer of a member's interest in the LLC is limited to an economic interest, and the transferee shall be merely an economic interest owner with no right to participate in the management or affairs of the LLC;

    h. Similarly, an assignee of a membership interest in the LLC has no right to participate in the management or affairs of the LLC or to become a member;

    i. Upon filing for bankruptcy, any member shall cease to be a member.

### First Claim for Relief
**(Declaratory Judgment re regarding Debtor's Rights and Interests Under the Operating Agreements, Pursuant to 28 U.S.C. § 2201)**

12. Plaintiff restates and incorporates the allegations of paragraphs 1 through 11 above.

Page 3 of 5 –   COMPLAINT

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 18-03120-tmb    Doc 1    Filed 11/23/18

13. On June 8, 2018 (the "**Petition Date**"), the Debtor commenced a voluntary chapter 11 bankruptcy proceeding under title 11 of the United States Code (the "**Bankruptcy Filing**").

14. The Bankruptcy Filing triggered the dissociation provisions of the Operating Agreements with respect to Defendant.

15. The dissociation provisions of the Operating Agreements are not unenforceable *ipso facto* clauses.

16. Plaintiff is entitled to a judgment declaring that, as a result of the Bankruptcy Filing, Defendant:

   a. Ceased to be a member of each of the LLCs;

   b. Became a mere interest holder of each of the LLCs; and

   c. Ceased to have any right to participate in the management or affairs of each of the LLCs.

17. Plaintiff is further entitled to a judgment declaring that the Debtor's estate has no interest in the LLCs other than an economic interest.

### Second Claim for Relief
### (The Operating Agreements, if Executory, are Rejected Pursuant to 11 U.S.C. § 365)

18. Plaintiff restates and incorporates the allegations of paragraphs 1 through 17 above.

19. The Operating Agreements are, among other things, agreements to provide personal services.

20. If the Operating Agreements are executory contracts, 11 U.S.C. § 365(c)(1) bars assumption or assignment of such agreements.

21. Thus, Plaintiff is entitled to a judgment declaring that, to the extent the Operating Agreements are executory contracts, they are rejected as of the Petition Date.

//

//

**WHEREFORE**, Plaintiff requests judgment against the Defendant as follows:

    A.    Declaring that, as of the Petition Date, Defendant (i) ceased to be a member of each of the LLCs, (ii) became a mere interest holder of each of the LLCs, and (iii) ceased to have any right to participate in the management or affairs of each of the LLCs;

    B.    Declaring that the Debtor's estate has no interest in the LLCs other than an economic interest;

    C.    Declaring that, to the extent the Operating Agreements are executory contracts, they are rejected as of the Petition Date; and

    D.    Awarding Plaintiff such other legal and equitable relief as may be just and proper, including attorney fees and costs.

DATED this 23rd day of November, 2018.

**LEONARD LAW GROUP LLC**

By: /s/ Timothy A. Solomon
**Timothy A. Solomon**, OSB 072573
Direct: 971.634.0194
Email: tsolomon@LLG-LLC.com

Counsel for Parley Pearce

Page 5 of 5 –   COMPLAINT

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 18-03120-tmb    Doc 1    Filed 11/23/18