**Timothy A. Solomon**, OSB 072573
    Direct: 971.634.0194
    Email: tsolomon@LLG-LLC.com
**LEONARD LAW GROUP LLC**
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
Fax: 971.634.0250

    Counsel for Parley Pearce

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br>**Blair Woodfield,**<br>    Debtor, | Case No. 18-32028-tmb11 |
| **Parley Pearce,**<br>    Plaintiff,<br>v.<br>**Blair Woodfield**,<br>    Defendant. | Adv. No. 18-03120-tmb<br>**PLAINTIFF'S MEMORANDUM OF LAW**<br>**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS** |
| v.<br>**HIPO, LLC; George Colwell; Mark Hettervig;** and **Hettervig Acquisitions, LLC**,<br>    Third Party Defendants. | |

Page 1 of 9 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 18-03120-tmb    Doc 17    Filed 01/28/19

Pursuant to Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056, and LBR 7056-1, Plaintiff Parley Pearce hereby submits this Memorandum in Support of Plaintiff's Motion for Summary Judgment (the "**Motion**").

## INTRODUCTION

Mr. Pearce and Mr. Woodfield (the "**Debtor**") are business partners, who each own 50% of the membership interests in various limited liability companies and are the managers of those companies. Their working relationship broke down before the filing of this bankruptcy case, leading among other things to a deterioration of the underlying businesses and defaults in the businesses' obligations to their lenders. This bankruptcy case has led to uncertainty regarding the parties' management rights, which in turn has resulted in further harm to the businesses, to the detriment not only of Plaintiff but also the bankruptcy estate.

The Debtor has made numerous factual allegations against Plaintiff and others, in this adversary proceeding and elsewhere, which Plaintiff strenuously denies. However, those contested fact issues can be resolved in due course. The material facts relating to Plaintiff's Claims for Relief (as set forth in the Complaint) are not in dispute, and summary judgment on those Claims is warranted.

Based on Oregon law and the terms of the applicable operating agreements, Plaintiff is entitled to judgment as a matter of law declaring that, as of the petition date: (1) the Debtor (a) ceased to be a member of each of the LLCs (as defined below), (b) became a mere interest holder of each of the LLCs, and (c) ceased to have any right to participate in the management or affairs of each of the LLCs, and (2) to the extent the Operating Agreements (as defined below) are executory, they are rejected.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), made applicable by Fed. R. Bankr. P. 7056.

Page 2 of 9 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 18-03120-tmb    Doc 17    Filed 01/28/19

## SUMMARY OF FACTS

1. Plaintiff and the Debtor are business partners. *See* Concise Statement of Material Facts ("**CSF**") ¶ 1.

2. They each own 50% of the membership interests in certain Oregon limited liability companies, including Triple R Holdings, LLC, PB & R, LLC, and PB & SH, LLC (collectively, the "**LLCs**"). CSF ¶ 2.

3. The LLCs own and operate the Hamley & Co. Western Store and the Hamley Steakhouse in Pendleton, Oregon. CSF ¶ 3.

4. One of the Debtor's roles as a Managing Member of the LLCs is to be the day-to-day manager of the Hamley Steakhouse. CSF ¶ 4.

5. Each of the LLCs is governed by a Limited Liability Company Agreement (each, an "**Operating Agreement**"). CSF ¶ 5.

6. Each Operating Agreement contains the same material terms. CSF ¶ 6.

7. Among other things, each Operating Agreement contains the following provisions:

   a. Plaintiff and Defendant are members.
   
   b. Plaintiff and Defendant are individually named and designated as "Managing Members."
   
   c. The business and affairs of each LLC are managed by the Managing Members.
   
   d. The members are "required to devote such of their time to the business matters concerning the Company as is necessary in the circumstances."
   
   e. Members are not permitted to sell, assign, or transfer their membership interests, except as expressly provided in the Operating Agreements.

Page 3 of 9 –    PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 18-03120-tmb    Doc 17    Filed 01/28/19

  f. In the absence of consent of the non-transferring member, any transfer of a member's interest in an LLC is limited to an economic interest, and the transferee shall be merely an economic interest owner with no right to participate in the management of the business and affairs of the company or become a member.

  g. An assignee of a membership interest has no right to participate in the management or affairs of the company or to become a member.

  h. Upon filing for bankruptcy, any member shall cease to be a member.

*See* CSF ¶ 7.

  8. The Debtor filed a voluntary bankruptcy petition for relief under chapter 11 on June 8, 2018 (the "**Petition Date**"). CSF ¶ 8.

## ARGUMENT

### I. As a Result of His Bankruptcy Filing, The Debtor is a Mere Economic Interest Holder in the LLCs

  The Debtor's bankruptcy filing created an estate, including among other things "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Although the question whether an interest is "property of the estate" is a federal question to be decided by federal law, bankruptcy courts must look to state law to determine whether and to what extent the debtor has any legal or equitable interests in property as of the commencement of the case. *See In re Pettit*, 217 F.3d 1072, 1078 (9th Cir. 2000) (*citing Butner v. United States*, 440 U.S. 48, 54-55, 99 S. Ct. 914 (1979)).

  The Debtor's interests in the LLCs are property of the estate. However, the bankruptcy filing triggered several events under Oregon law and the Operating Agreements which define the scope of those interests. Under Oregon law, a member of an LLC "shall cease to be a member in a limited liability company upon the member's … bankruptcy," unless

Page 4 of 9 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 18-03120-tmb Doc 17 Filed 01/28/19

otherwise provided in the applicable operating agreement. ORS 63.265(1) (emphasis added). The Operating Agreements at issue here state, consistently with the Oregon statute, that a person shall cease to be a member upon that member's commencement of a bankruptcy case. *See* Operating Agreements, ¶ 13.1(b).

Following the cessation of an LLC member's interest, "the holder of the former member's interest shall be considered an assignee of such interest and shall have all the rights, duties and obligations of an assignee under this chapter." ORS 63.265(2) (emphasis added). Assignees, in turn, retain economic rights to distributions, but "shall not exercise any other rights of a member, including without limitation the right to vote or otherwise participate in the management and affairs of the limited liability company." ORS 63.249(3) (emphasis added). Similarly, the Operating Agreements provide that "[t]he Assignee of a Membership Interest has no right to participate in the management of the business and affairs of the company…" *See* Operating Agreements, ¶ 12.1 (emphasis added).

In sum, by operation of Oregon law and based on the terms of the Operating Agreements, the Debtor retains only his economic interests in the LLCs, and has ceased both to be a member and to have any right to participate in the management or affairs of the LLCs.

Numerous bankruptcy courts have held that the bankruptcy of a member of a limited liability company with multiple members results in the debtor becoming a mere economic interest holder. *See*, *e.g.*, *In re Albright*, 291 B.R. 538, 540 n.7 (Bankr. D. Colo. 2003) ("Where a single member files bankruptcy while the other members of a multi-member LLC do not, and where the non-debtor members do not consent to a substitute member status for a member interest transferee, the bankruptcy estate is only entitled to receive the share of profits or other compensation by way of income and the return of the contributions to which that member would otherwise be entitled."); *In re Garrison-Ashburn, L.C.*, 253 B.R. 700, 706-08 (Bankr. E.D. Va. 2000) (state law defines the debtor's interest in an LLC, including dissociation, and Section 541 brings that interest in to the estate burdened by whatever state law requires); *see also Nw.*

Page 5 of 9 –  PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 18-03120-tmb    Doc 17    Filed 01/28/19

*Wholesale, Inc. v. Pac Organic Fruit, LLC*, 184 Wn. 2d 176, 357 P.3d 650 (Wash. 2015) (holding that bankruptcy filing of LLC member resulted in retention of mere economic interest by estate).

**II. Oregon Law is Not Preempted and the Operating Agreements are Enforceable**

ORS Chapter 63 and the Operating Agreements both clearly and unambiguously provide that the Debtor's bankruptcy filing resulted in his (1) dissociation as a member of the LLCs, (2) loss of rights to vote or otherwise participate in the management of the LLCs, and (3) retention of his economic interests in the LLCs.

There is a presumption, in all cases, against a finding that federal law preempts state law. *See McDaniel v. Wells Fargo Invs., LLC*, 717 F.3d 668, 675 (9th Cir. 2013). Nevertheless, the Debtor asserts that the ORS and the Operating Agreements are ineffective because they are unenforceable "ipso facto" provisions preempted by 11 U.S.C. §§ 541(c) and 365(e). *See* Answer at ¶ 23. Both of those arguments lack merit under the facts of this case.

A. Section 541

An interest of a debtor in property becomes property of the estate "notwithstanding any provision in an agreement, transfer instrument, or applicably nonbankruptcy law – (A) that restricts or conditions transfer of such interest by the debtor; or (B) that is conditioned on … the commencement of a case under this title … and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property." *See* 11 U.S.C. § 541(c)(1).

However, Section 541(c)(1) applies to avoid "only those restrictions which prevent transfer of the debtor's property to the estate." *In re Farmers Markets, Inc.*, 792 F.2d 1400, 1402 (9th Cir. 1986) (emphasis added). Section 541 does not expand a debtor's interest in property, and "the estate may take no greater interest than that held by the debtor." *Id.* at 1403.

Nothing in ORS Chapter 63 or in the portions of the Operating Agreement at issue here restricts the "transfer of the debtor's property to the estate" or "terminates the debtor's interest in property." Rather, state law and the Operating Agreements merely define the scope of the Debtor's interests in the LLCs, which interests are part of the bankruptcy estate. By

Page 6 of 9 – PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 18-03120-tmb    Doc 17    Filed 01/28/19

its terms, Section 541(a) applies only to "interest[s] of the debtor in property." Because ORS Chapter 63 and the Operating Agreements place no restrictions on the transfer of the Debtor's interests in the LLCs (as such interest is determined according to state law) to the estate, they do not conflict with Section 541(c)(1).

B. Section 365

Although the Debtor has not committed to a position as to whether the Operating Agreements are executory (*see* Answer, ¶ 28), the Debtor also invokes Section 365(e), which invalidates contractual provisions that prevent a bankruptcy estate from receiving the benefits of an executory contract. *See* Answer, ¶ 23 (asserting as an affirmative defense that the Operating Agreements contain ipso facto provisions that are unenforceable under Section 365(e)).

Courts considering whether LLC operating agreements are executory contracts have reached widely varying results. However, when operating agreements relate to ongoing business operations and provide for members to have continuing duties and responsibilities, courts have sometimes held such agreements to be executory. *See*, *e.g.*, *In re DeLuca*, 194 B.R. 65, 77-78 (Bankr. E.D. Va. 1996). In this case, the Operating Agreements relate to LLCs with ongoing business operations (specifically, the Hamley & Co. Western Store and the Hamley Steakhouse), which businesses require close and ongoing attention from their Managing Members. Accordingly, the Operating Agreements provide, among other things, that members are "required to devote such of their time to the business matters concerning the Company as is necessary in the circumstances." *See* Operating Agreements, ¶ 5.4.

Based on these facts, it appears the Operating Agreements could be considered executory contracts subject to Section 365. *See In re DeLuca*, 194 B.R. at 77 (holding that the operating agreement governing an LLC operating as an ongoing business is an executory contract). However, this determination would not achieve the outcome the Debtor seeks. To the extent the Operating Agreements could be deemed to include any unenforceable "ipso facto" provisions, Section 365(e)(1) does not apply if "applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance or rendering performance to the

Page 7 of 9 –    PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 18-03120-tmb    Doc 17    Filed 01/28/19

trustee or to an assignee of such contract." *See* 11 U.S.C. § 365(e)(2). Similarly, Section 365(c)(1) provides that a contract may not be assumed or assigned if "(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from ... an entity other than the debtor ... whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment."

In other words, Section 365(e)(1) does not apply if applicable law excuses the non-debtor party to a contract from accepting performance from a third party, and Section 365(c)(1) bars a debtor from assuming a contract under those circumstances.

As noted above, one of the Debtor's roles as a Managing Member of the LLCs is to be the day-to-day manager of the Hamley Steakhouse. In that role and others, the Debtor agreed with Plaintiff required to provide unique, personal management services. The Debtor's individual identity is and at all times has been material to the Plaintiff and to the operation of the business. The nature of the Debtor's duties is such that the Operating Agreements are in the nature of contracts for personal services. The protections of Sections 365(c) and (e) are designed "to protect non-debtor third parties whose rights may be prejudiced by having a contract performed by an entity other than the one with which they originally contracted." *See Nw. Wholesale*, 184 Wn.2d at 198-99, 357 P.3d at 661-62 (internal citations omitted).

Oregon law clearly protects the voluntary association rights of nondebtor LLC members. *See* ORS 63.249(3) (providing that non-member assignees of membership interests shall not have any rights to vote or otherwise participate in the management and affairs of the company); *see also* ORS 63.245 (2) (admission of new member requires consent of majority of members). Plaintiff is not required to accept performance from a third party (triggering the exception set forth in Section 365(e)(2). As a result, the Operating Agreements cannot be assumed under Section 365(c)(1). *See In re DeLuca*, 194 B.R. at 77-78 (holding that LLC operating agreement was a personal services contract and Section 365(e)(2) is inapplicable); *JD Factors, LLC v. Freightco, LLC*, 2009 U.S. Dist. LEXIS 96705, *6-7 (N.D. Ind. Oct. 16, 2009) (member's

Page 8 of 9 –     PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 18-03120-tmb    Doc 17    Filed 01/28/19

service as an officer of LLC was personal service contract); *Breeden v. Catron (In re Catron)*, 158 B.R. 624, 627 (Bankr. E.D. Va. 1992) (partnership agreement was personal services contract); *Nw. Wholesale*, 184 Wn.2d at 198-99, 357 P.3d at 661-62; *see also In re Catapult Entm't, Inc.*, 165 F.3d 747, 753 n.6 (noting that while Section 365(e)(1) nullifies "ipso facto" clauses, Section 365(e)(2) "expressly revives" such clauses "in precisely the same executory contracts that fall within the scope of § 365(c)(1)"); *id.* at 754-55 (noting that an executory contract cannot be assumed where it could not be assigned under applicable nonbankruptcy law).

Notably, although many of the cases cited above describe LLC operating agreements as personal service contracts, "Section 365(c) covers considerably more contracts than those that would normally be considered personal service contracts. For section 365(c)(1) to apply, the applicable law must specifically state that the contracting party is excused from performance from a third party under circumstances where it is clear from the statute that the identity of the contracting party is crucial to the contract or public safety is at issue." 3 Collier on Bankruptcy ¶ 365.07[1][c]. As described above, ORS Chapter 63 makes clear that the identities of members are of critical importance. If the Operating Agreements are executory, they cannot be assumed under Section 365(c)(1) because Plaintiff is not required to accept performance from this parties.

## CONCLUSION

For the reasons discussed above, Plaintiff is entitled to summary judgment on his claims as there is no genuine dispute as to any material fact in this matter.

DATED: January 28, 2019

                                        LEONARD LAW GROUP LLC

                                        By: /s/ Timothy A. Solomon
                                                Timothy A. Solomon, OSB No. 072573
                                                Direct: 971.634.0194
                                                Email: tsolomon@LLG-LLC.com
                                        **Counsel for Parley Pearce**

Page 9 of 9 –   PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
                 OF MOTION FOR SUMMARY JUDGMENT

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 18-03120-tmb    Doc 17    Filed 01/28/19

## CERTIFICATE OF SERVICE

I certify that on the date below, I caused this **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** to be served on the Defendant's counsel in this Adversary Proceeding and other interested parties requesting notice through the Court's CM/ECF system, as well as by first class U.S. mail on the following parties:

*NONE*

DATED: January 28, 2019

By: /s/ Timothy A. Solomon
Timothy A. Solomon, OSB 072573

Page 1 of 1 – CERTIFICATE OF SERVICE

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 18-03120-tmb    Doc 17    Filed 01/28/19