Theodore J. Piteo, OSB #090311
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223
(503) 786-3800
Ted@pdxlegal.com

Of Attorneys for Blair B. Woodfield, Debtor.

IN THE BANKRUPTCY COURT OF THE UNITED STATES

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re: | ) | Case No. 18-32028 |
| | ) | |
| Blair B. Woodfield, | ) | |
| | ) | |
|     Debtor. | ) | |
| | ) | Adversary No. 18-03120-tmb |
| Parley Pearce, | ) | |
|     Plaintiff, | ) | DEFENDANT RESPONSE IN OPPOSITION TO PLAINTIFF MOTION FOR SUMMARY JUDGMENT |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | REQUEST FOR HEARING |
| Blair B. Woodfield, | ) | |
| | ) | |
|     Defendant. | ) | |
|   vs. | | |
| HIPO, LLC; George Colwell; Mark Hettervig; and Hettervig Acquisitions, LLC, | | |
| Third Party Defendants. | | |

By and through his attorney, Theodore J. Piteo, Defendant Blair Woodfield

(hereafter "Debtor" or "Defendant") says the following in opposition to Plaintiff's

Page 1 of 8 – DEFENDANT RESPONSE IN OPPOSITION TO PLAINTIFF MOTION FOR SUMMARY JUDGMENT

Motion for Partial Summary Judgment and as supported by the concurrently filed declaration of Blair Woodfield and in conjunction with Defendant's previously filed Response and Counterclaims to this Adversary Proceeding.

## I. Introduction

Defendant Blair Woodfield is the 50% owner of membership interests in certain LLCs in Pendleton, Oregon responsible for operating Hamley's Steakhouse and Hamley's Western store (the Hamley's Assets). The other 50% owner of these membership interests is Plaintiff, Parley Pearce. Defendant's answer to the Plaintiff's complaint to determine rights and interests in the Management of the Hamley's Assets asserted numerous bad faith actions Plaintiff undertook in relation to Defendant. See E-Doc #10. The day to day operations of the Hamley's Assets are delegated to a manager named Jan MacGregor pursuant to the LLC Operating Agreements. Plaintiff and Defendant perform very limited activities in running the Hamley's Assets. Finally, Defendant believes that the LLC Operating Agreements may not be considered executory contracts under the Bankruptcy Code and the provisions of 11 U.S.C. § 365 do not apply.

## II. Legal

Summary Judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). See Also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The evidence must be viewed in the light most favorable to the nonmoving party. *In re Caneva*, 550 F.3d 755, 760 (9th Cir 2008). The movant bears the preliminary burden to demonstrate absence of any genuine material fact and that the movant is entitled to judgment as a matter of law. *Id* at 761. Once the moving party meets its burden, the

nonmoving party bears the burden of persuasion to show that there is a material factual dispute remaining for trial. *Id.* FRCP 56 is the applicable standard when evaluating a Motion for Summary Judgment in a Bankruptcy Contested Matter. See LBR 9013-1(a) and LBR 7056-1.

Contractual provisions that purport to change or terminate a parties rights in and to that contract upon the filing of a bankruptcy are referred to as *Ipso Facto* clauses. *Ipso Facto* clauses are generally not enforceable as against the Estate in possession of the Debtor's contractual rights. *See* 11 U.S.C. § 541(c)(1)(B). A narrow exception to that broad rule allows parties to an executory contract to enforce some Ipso Facto clauses, in very limited circumstances. *See* 11 U.S.C. § 365(e).

Executory contracts are generally considered to be "A contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." Countryman, Vern, "Executory Contracts in Bankruptcy: Part I," 57 Minn. L. Rev. 439 (1973). An LLC Operating agreement can be both executory and non-executory. *BMA Ventures v. Prillaman*, 2017 WL 354319 (Bankr. C.D. Ill. Jan. 24, 2017). When members have voting rights but otherwise exercise limited daily control of their entities, those agreements are not executory. *In re Alameda Investments*, 2013 WL 3216129 (Bankr. C.D. Cal. June 25, 2013), aff'd 2014 WL 868605 (9th Cir. B.A.P. Mar. 05, 2014);

When state law prohibits assumption of contracts, the bankruptcy code will enforce that prohibition pursuant to 11 U.S.C. § 365(c)(1). *Milford Power Co., LLC v. PDC Milford Power, LLC*, 866 A.2d 738 (Del. 2004). The state law must be unequivocal in its

prohibition on assignment to prohibit assignment of management duties pursuant to 11 U.S.C. § 365(c)(1). *In re Allentown Ambassadors*, 362 B.R. 422, (Bankr. E.D. Pa. 2007). Oregon law, like North Carolina law, allows for assignability in whole or in part of membership interests in LLCs. *See* ORS 63.249. Determinations as to the nature of an executory contract as a personal services contract requires fact finding. *In re Headquarters Dodge, Inc.*, 13 F.3d 674, 684(3rd Cir. 1993); *See Also In re Allentown Ambassadors* at 457. To make a determination under 11 U.S.C. § 365(e)(2), a court must examine a factual record regarding the relationship of the parties, the operation of the executory contract, and the likelihood that the contract may or may not be assumable in addition to other factors. *In re Allentown Ambassadors* at 455.

### III. Analysis

#### A. The Oregon LLC Statutes Do Not Prohibit Assignment of Management Duties Under 365(c)(1)

The *Allentown Ambassador* Court, in reviewing the nature of North Carolina's LLC statutes and its balance within the bankruptcy code, determined that when state statute allows assignment of LLC membership interests in whole or in part, 11 U.S.C. § 365(c)(1) does not operate to divest a debtor in possession or trustee from the right to assume LLC managerial duties. *Id.* The North Carolina LLC statute is substantially similar to the Oregon LLC statutes. *See generally* the NCLLCA at N.C.G.S.A. § 57C. Unlike the absolute prohibition on transfer of Intellectual Property Licenses without an owner's consent, these LLC statutes do not have an absolute prohibition on assignment of LLC interests without the consent of other members. *See In re Alltech Plastics, Inc.*, 71

B.R. 686, 689 (W.D. Tenn. 1987). Therefore this Court should find that the Plaintiff has not identified any *applicable law* that prohibits the assignment of duties under the Hamley's Asset LLC Operating Agreements.

### B. The Hamley's LLC Operating Agreements are not Personal Service Contracts Subject to Easy Determination in Summary Judgment Proceedings

The court must balance the needs of unassigned LLC Membership interests with the ability of an assignee to perform any duties called for under an LLC Operating Agreement and ask whether the nature of those duties is so personal in nature as not to be assignable. In performing this task, the *Allentown Ambassadors* Court determined that Summary Judgment was not the best place to make this determination when viewing allegations in a light most favorable to the non-moving party. *In re Allentown Ambassadors* at 457. The Court specifically looked to a number of factors: a) the nature of day to day management of operations being assigned to a non-LLC interest owner; b) The relative level of operations conducted by the LLC interest holders vs those undertaken by non-LLC interest holders; and c) the degree of personal trust and confidence needed between the members to operate the LLC; *Id* at 456. The court also examined prior court analysis of clear cut cases of personal services contracts, such as for opera singers, painters, authors, or football players, and found those clearly distinguishable. *Id.*

In the case at bar, the Defendant does not personally manage any part of the Hamley's Assets on a daily basis. Defendant works with a manager hired for that particular purpose

pursuant to the LLC Operating Agreement. The Defendant is not a Beard award winning chef. The Defendant is not a world class magician or entertainer and Defendant's singing likely would not be compared to Pavarotti. Plaintiff is not a retail store guru, celebrity personality, or artist. In short, the parties do not have specialized and personalized skills that require their specific performance to operate the Hamley's Assets. Further, the owners generally perform substantially less work to manage the operations of the LLCs than their employees and store managers. For these reasons, the Court should deny Plaintiffs Motion for Partial Summary Judgment and allow the record to develop further than the initial pleading stage before making a decision regarding the application of *Ipso Facto* clauses.

### C. Defendant's Unclean Hands and Good Faith and Fair Dealing Claims are Meritorious

The *Milford Power* Court recognized that in certain circumstances, the bad faith actions and ministrations of a party to an LLC Agreement can give rise to an equitable unclean hands argument or a breach of good faith and fair dealing argument that would prohibit a court from allowing enforcement of ipso facto clauses to deprive an innocent party of their rights. *Milford Power Co., LLC* at 746. The equitable defenses of bad faith and unclean hands must have facts that relate to the filing of the debtor's bankruptcy for a court to prohibit application of *Ipso Facto* clauses. *Id* at 747.

In considering the Plaintiff's Motion for Summary Judgment, this court must construe all well pled factual assertions in the favor of the non-moving party. In so pleading, Defendant has asserted multiple instances of bad faith and manipulation by Plaintiff of the Defendants rights in the Hamley's Assets. Defendant has linked these various actions

directly to the necessity of the filing of Defendant's bankruptcy case. Defendant believes these facts, construed favorably for the non-moving party, prevents the court from enforcing Plaintiff's requested Ipso Facto clauses and therefore urges the Court to Deny Plaintiff's Motion for Partial Summary Judgment.

### IV. Conclusion

For the reasons stated above, material factual issues remains outstanding and this Court should deny Plaintiff's Motion for Partial Summary Judgment and allow a hearing to be set where factual evidence can create a record for decision.

DATED this 9th day of February, 2019.

                                          /s/ Theodore J. Piteo
                                         Theodore J. Piteo, OSB# 090311
                                         Michael D. O'Brien & Associates, P.C.
                                         Of Attorneys for Debtor

# CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2019, I served the foregoing **RESPONSE IN OPPOSITION TO PLAINTIFF MOTION FOR SUMMARY JUDGMENT and DECLARATION OF WOODFILED** on the following parties by email:

Debtor

I further certify that the following person(s) will be served electronically when the foregoing document is filed with the court:

ELEANOR A. DUBAY on behalf of Creditor Banner Bank
edubay@tomasilegal.com, jramig@tomasilegal.com

SARAH FLYNN on behalf of U.S. Trustee US Trustee, Portland
sarah.flynn@usdoj.gov

THEODORE J PITEO on behalf of Debtor Blair B. Woodfield
ted@pdxlegal.com, enc@pdxlegal.com;hugo@pdxlegal.com;lauren@pdxlegal.com

THEODORE J PITEO on behalf of Defendant Blair B. Woodfield
ted@pdxlegal.com, enc@pdxlegal.com;hugo@pdxlegal.com;lauren@pdxlegal.com

TIMOTHY A SOLOMON on behalf of Creditor Parley A. Pearce
tsolomon@llg-llc.com, justin-leonard-leonard-law-group-llc-5265@ecf.pacerpro.com

TIMOTHY A SOLOMON on behalf of Plaintiff Parley Pearce
tsolomon@llg-llc.com, justin-leonard-leonard-law-group-llc-5265@ecf.pacerpro.com

US Trustee, Portland
USTPRegion18.PL.ECF@usdoj.gov

BRITTA E WARREN on behalf of Creditor HIPO, LLC
bew@bhlaw.com, hkt@bhlaw.com

                                          ___/s/ Theodore J. Piteo____
                                          Theodore J. Piteo, OSB# 090311
                                          Of Attorneys for Debtor

Theodore J. Piteo, OSB #090311
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223
(503) 786-3800
Ted@pdxlegal.com

Of Attorneys for Blair B. Woodfield, Debtor.

IN THE BANKRUPTCY COURT OF THE UNITED STATES

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Blair B. Woodfield,<br><br>      Debtor.<br><br>Parley Pearce,<br>      Plaintiff,<br><br>      vs.<br><br><br>Blair B. Woodfield,<br><br>      Defendant.<br>      vs.<br><br>HIPO, LLC; George Colwell; Mark Hettervig; and Hettervig Acquisitions, LLC,<br><br>Third Party Defendants. | Case No. 18-32028<br><br><br><br><br>Adversary No. 18-03120-tmb<br><br>WOODFIELD DECLARATION IN OPPOSITION TO PLAINTIFF MOTION FOR SUMMARY JUDGMENT |

I, Blair B. Woodfield, being first duly sworn, depose and say under penalty of perjury the

following in Opposition to Plaintiff's Motion for Summary Judgment:

Page 1 of 3 – WOODFIELD DECLARATION IN OPPOSITION TO PLAINTIFF MOTION FOR SUMMARY JUDGMENT

1) I am over the age of 18, I am a Defendant in the above captioned matter, and I have personal knowledge of the facts testified to below.

2) I am the 50% owner of several LLC membership interests which control and operate the Hamley's Steak House and Hamley's Western Store in Pendleton, OR. The other 50% owner is Parley Pearce.

3) All of the affirmative defenses I made in my response to this adversary proceeding and counterclaims thereto are true and accurate to the best of my knowledge. These facts include good faith and fair dealing and unclean hands allegations regarding the activities of my business partner Parley Pearce in relation to the LLC Operating agreements and my requirement to file this bankruptcy proceeding.

4) The day to day operations of the Hamley's businesses are handled by Jan MacGregor and Store Managers. Those duties include hiring and firing employees, business operations, paying invoices, managing daily event bookings, purchasing supplies and items and handling coordination with tax professionals.

5) I personally handle very limited decisions regarding the day to day business operations, as does my business partner. We hired Jan MacGregor other managers to undertake many of those duties for us.

6) I would be willing to accept performance from an assignee of Parley Pearce's membership interests in the Hamley's LLCs. I do not consider Parley Pearce to provide unique, personal services to the LLCs.

DATED this 11th day of February 2019.

                                                    /s/ Blair Woodfield
                                                    Blair Woodfield

Page 3 of 3 – WOODFIELD DECLARATION IN OPPOSITION TO PLAINTIFF MOTION FOR SUMMARY JUDGMENT

Case 18-03120-tmb    Doc 23    Filed 02/11/19